CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 21 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MOUNTAIN AREA REALTY, INC., | CIVIL NO. 3:07cv00016 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION and ORDER |
| WINTERGREEN PARTNERS, INC., ET AL, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motions to Dismiss, filed on August 31, 2007 (docket entry nos. 88 and 90). Plaintiff Mountain Area Realty ("MAR") asserts violations of state and federal antitrust laws and the Virginia Business Conspiracy Act by Defendants Wintergreen Partners, Inc. ("WPI" or "Wintergreen"), Robert Ashton, and Roy Wheeler Realty Co. d/b/a Wintergreen Resort Premier Properties ("WRPP"). These alleged violations flow from agreements signed in 1999 and 2005 granting exclusive rights to maintain a real estate office within the Wintergreen Resort. I find that Plaintiff has pled sufficient facts to state a claim under the Sherman Act and Virginia Antitrust Act. However, Robert Ashton is not a proper defendant, and Plaintiff has failed to state a claim under the Virginia Business Conspiracy Act. Therefore, Defendants' Motion is hereby GRANTED in part and DENIED in part.

## I. Background

The Wintergreen Resort is an 11,000 acre facility located in Nelson County, Virginia. It is owned and operated by Defendant WPI, a non-stock Virginia corporation, and offers skiing, golf, tennis and other recreational activities, as well as conference facilities, retail outlets, and restaurants. The resort also contains more than 3000 residential properties in two locations, The

Mountain and Stoney Creek. WPI is owned collectively by the resort property owners who have purchased WPI memberships. Defendant Robert Ashton is the president and Chief Executive Officer of WPI.

Defendant WRPP is a Virginia corporation with its principal place of business in Charlottesville, Virginia. It is the beneficiary of an exclusive lease signed in 2005 granting it the right to operate a real estate office within the Wintergreen Resort. WRPP is a competitor of MAR in the Nelson County and Wintergreen real estate markets.

Plaintiff MAR is a Virginia corporation with its principal place of business located in Nellysford, Virginia. MAR provides real estate services to the Nelson County and Wintergreen real estate markets and is a competitor of WRPP.

Plaintiff commenced this action in the Eastern District of Virginia, Alexandria Division on February 22, 2007. It was subsequently transferred to the Western District of Virginia on April 10, 2007 at the parties' request. Plaintiff has twice amended its Complaint, in the process dropping its claims for fraud, violation of the Virginia Consumer Protection Act, and common law conspiracy, and dismissing Lloyd W. Williams and Leland S. Kollmorgen from the suit. The Second Amended Complaint sets forth three causes of action: (1) violation of section 1 of the Sherman Act, 15 U.S.C. § 1; (2) violation of the Virginia Antitrust Act, Va. Code §§ 59.1-9.5, *et seq.*; and (3) violation of the Virginia Business Conspiracy Act, Va. Code §§ 18.2-499, *et seq.*

The core of MAR's complaint alleges that Defendants WPI, WRPP, and Robert Ashton entered into two separate anticompetitive agreements. The first agreement was signed in November 1999 between Wintergreen Real Estate Company ("WREC") and WPI and remained

Case 3:07-cv-00016-NKM-BWC    Document 110    Filed 12/21/07    Page 2 of 9    Pageid#: 1049

in effect until October 2005.[1]  The second agreement was between WRPP and WPI and took

effect in August 2006.  The 1999 and 2005 agreements granted exclusive rights to operate a real

estate sales office at Wintergreen.  The sales office is located in the Mountain Inn.  The

Mountain Inn is the central means of access to the ski slopes, and houses various shops,

restaurants, and a conference center.  MAR states that between 100,000 and 190,000 non-

property owning visitors use the resort in a year, many of whom pass through the Mountain Inn.

In addition, the agreements granted the exclusive right to place advertising on Wintergreen's

website and on resort property.

Plaintiff alleges that these contracts resulted in anticompetitive harm to consumers by

restricting access to the Wintergreen and Nelson County real estate markets, thus allowing

WRPP to charge supra-competitive commissions.  MAR asserts that the right to operate a sales

office within the Mountain Inn and place advertising on the Wintergreen website and resort

grounds gives WRPP, and WREC before them, an unreasonable advantage over competitors.

The presumed advantage flows primarily from the location of WRPP in the Mountain Inn.  MAR

asserts that the majority of buyers or residential properties are also visitors to the resort who are

likely to pass by the Mountain Inn and see WRPP's office.  Plaintiff argues that WRPP's

superior access to these potential "leads" allows them to charge higher commissions than MAR

and other competitors.

## II. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to

"resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).  In considering a Rule

---

[1] WREC is not a party to this suit.

Case 3:07-cv-00016-NKM-BWC   Document 110   Filed 12/21/07   Page 3 of 9   Pageid#: 1050

12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244.

However, in the antitrust context there is a heightened standard of pleading as elucidated by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). In *Twombly*, the Court explained that although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* at 1964–65 (alteration in original omitted) (citation omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. (citation omitted). Moreover, a litigant must comply with the "basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002).

### III. Federal and State Antitrust Claims

To establish a violation of Section 1 of the Sherman Act, MAR must prove: "(1) a contract, combination, or conspiracy; (2) that imposed an unreasonable restraint of trade." *Dickson*, 309 F.3d at 202. MAR's claims under the Virginia Antitrust Act are "governed by the same standard as its claims under the Sherman Antitrust Act." *Va. Vermiculite, Ltd. v. W.R. Grace & Co.*, 965 F. Supp. 802, 829 (W.D. Va. 1997), *rev'd on other grounds*, 136 F.3d 535 (4th Cir. 1998). There is no dispute between the parties on the existence of a contract between WPI and WRPP; the only question is whether the two agreements imposed an unreasonable restraint of trade.

Case 3:07-cv-00016-NKM-BWC   Document 110   Filed 12/21/07   Page 4 of 9   Pageid#: 1051

Plaintiff's central argument is that WPI is able to convey market power to a real estate broker of its choosing by granting exclusive access to office space in the Mountain Inn and to Wintergreen's website. MAR alleges that the exclusive agreements signed by WPI in 1999 and 2006 have harmed competition by "conveying substantial market power to a single real estate company during the term of each agreement, and raising barriers to entry—all of which, both collectively and individually, have caused consumers to pay supracompetitive real estate commissions, supracompetitive rental fees, and supracompetitive WPI membership fees" in violation of the Sherman Act § 1, the Virginia Antitrust Act, and the Virginia Business Conspiracy Act. (Second Am. Compl. ¶ 1.) Plaintiff defines the relevant markets as the Wintergreen real estate market and the Nelson County real estate market.

Assuming for purposes of this motion that Plaintiff's conduct is best classified as a vertical non-price restraint, the alleged conduct would be evaluated according to the rule of reason analysis. *See Continental T.V. v. GTE Sylvania*, 433 U.S. 36 (1977). Rule of reason analysis would require the plaintiff to show "(1) that the conspiracy produced adverse, anticompetitive effects within the relevant product and geographic market; (2) that the objects and conduct pursuant to the conspiracy were illegal; and (3) that the plaintiff was injured as a proximate result of the conspiracy." *Advanced Health-Care Serv's, Inc. v. Radford Comty. Hosp.*, 910 F.2d 139, 144 (4th Cir. 1990).

Taking the facts pled as true, MAR has alleged facts sufficient to state a claim under the antitrust laws. Plaintiff has alleged relevant product and geographic markets—real estate services within Wintergreen Resort and Nelson County. Plaintiff has also alleged anticompetitive harm to consumers and supported this claim with data showing price discrepancies between WRPP and its competitors. Finally, Plaintiff has alleged that the illegal

- 5 -

conduct has harmed its business. It has buttressed that claim with data showing a decline in market share. At this stage of the litigation that is all that is required of Plaintiff.

The Fourth Circuit has directed that at the motion to dismiss stage "the plaintiff's allegations of adverse effects on competition must be accepted as true, and the defendants' pro-competitive justifications considered unproven." *Advanced Health-Care Serv's*, 910 F.2d at 145. Plaintiff has stated a set of facts that suggest a plausible harm to consumers, and "[u]ntil some discovery is completed, there is no record upon which to assess the reasonableness of the restraints alleged by the plaintiff." Therefore, Plaintiff's Second Amended Complaint states a claim for relief under the Sherman Act § 1 and the Virginia Antitrust Act.

## IV. Dismissal of Robert Ashton

Count 1 of Plaintiff's Second Amended Complaint alleges that "[b]y entering into the Exclusive Agreements, WPI and Defendant Ashton have unreasonably restrained trade in each of the Relevant Markets in violation of Sherman Act § 1." (Second Am. Compl. ¶ 60.) Count 2 makes an identical allegation under the Virginia Antitrust Act. To establish a violation of Section 1 of the Sherman Act, MAR must prove: "(1) a contract, combination, or conspiracy; (2) that imposed an unreasonable restraint of trade." *Dickson*, 309 F.3d at 202. Because Plaintiff cannot establish a conspiracy between Robert Ashton and WPI, he must be dismissed from the case.

The Supreme Court has held that a corporate officer cannot conspire with his employer for purposes of Section 1 of the Sherman Act. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984) ("[O]fficers or employees of the same firm do not provide the plurality of actors imperative for a § 1 conspiracy"). As the Third Circuit has explained "[t]he defendant is a corporate person and as such it can act only through its officers and

- 6 -

Case 3:07-cv-00016-NKM-BWC   Document 110   Filed 12/21/07   Page 6 of 9   Pageid#: 1053

conduct has harmed its business. It has buttressed that claim with data showing a decline in market share. At this stage of the litigation that is all that is required of Plaintiff.

The Fourth Circuit has directed that at the motion to dismiss stage "the plaintiff's allegations of adverse effects on competition must be accepted as true, and the defendants' pro-competitive justifications considered unproven." *Advanced Health-Care Serv's*, 910 F.2d at 145. Plaintiff has stated a set of facts that suggest a plausible harm to consumers, and "[u]ntil some discovery is completed, there is no record upon which to assess the reasonableness of the restraints alleged by the plaintiff." Therefore, Plaintiff's Second Amended Complaint states a claim for relief under the Sherman Act § 1 and the Virginia Antitrust Act.

## IV. Dismissal of Robert Ashton

Count 1 of Plaintiff's Second Amended Complaint alleges that "[b]y entering into the Exclusive Agreements, WPI and Defendant Ashton have unreasonably restrained trade in each of the Relevant Markets in violation of Sherman Act § 1." (Second Am. Compl. ¶ 60.) Count 2 makes an identical allegation under the Virginia Antitrust Act. To establish a violation of Section 1 of the Sherman Act, MAR must prove: "(1) a contract, combination, or conspiracy; (2) that imposed an unreasonable restraint of trade." *Dickson*, 309 F.3d at 202. Because Plaintiff cannot establish a conspiracy between Robert Ashton and WPI, he must be dismissed from the case.

The Supreme Court has held that a corporate officer cannot conspire with his employer for purposes of Section 1 of the Sherman Act. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984) ("[O]fficers or employees of the same firm do not provide the plurality of actors imperative for a § 1 conspiracy"). As the Third Circuit has explained "[t]he defendant is a corporate person and as such it can act only through its officers and

- 6 -

representatives. . . . It does not violate the Act when it exercises its rights through its officers and agents, which is the only medium through which it can possibly act." *Tose v. First Penn. Bank, N.A.*, 648 F.2d 879, 893–894 (3d Cir. 1981).

Although a corporate officer generally cannot conspire with his employer, the Fourth Circuit has recognized that an exception "may be justified when the officer has an independent personal stake in achieving the corporation's illegal objective." *Greenville Pub. Co., Inc. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974). This exception has been recently clarified in *Oksanen v. Page Mem'l Hosp.*, 945 F.2d 696 (4th Cir. 1991), in which the Fourth Circuit declined to extend the exception beyond *Greenville*. The exception is thus limited to cases in which a corporate officer has "a financial interest in another firm that compete[s] with the plaintiff and would directly benefit if the plaintiff was eliminated as a competitor." *Id.* at 705.

Plaintiff has not pled facts sufficient to show that Robert Ashton had an independent personal stake in a competitor of MAR. The Amended Complaint alleges that Ashton would have "benefited from the Exclusive Agreements because they cause WPI to earn supracompetitive membership fees." (Second Am. Compl. ¶ 16.) Under *Oksanen,* a bare conclusory statement of this sort is not enough. WPI does not compete in the market for real estate services, and Plaintiff has not alleged that Ashton has any interest in any other potential competitors of MAR. Furthermore, the Complaint does not explain how Ashton would have benefited personally from WPI earning greater membership fees. Plaintiff has not pled facts indicating Ashton had any personal stake beyond his interest as an employee of WPI, and therefore he must be dismissed from Counts I and II.[2]

---

[2] As explained below, Plaintiff also fails to state a claim under Count III. Therefore, Robert Ashton is dismissed from the case.

Case 3:07-cv-00016-NKM-BWC   Document 110   Filed 12/21/07   Page 7 of 9   Pageid#: 1054

## V. Virginia Business Conspiracy Claim

The Virginia Business Conspiracy Act imposes liability on those who "willfully and maliciously injure . . . another in his reputation, trade, business, or profession by any means whatever." Va. Code Ann. § 18.2-499 (2002). However, "business conspiracy, like fraud, must be pleaded with particularity, and with more than 'mere conclusory language.'" *Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) (citation omitted). Moreover, "Plaintiff would have to show that the Defendant had *as one of its purposes* injury to Plaintiff's reputation, trade, or business." *Schlegel v. Bank of America, N.A.*, 505 F. Supp. 2d 321, 328–329 (W.D. Va. 2007). The Fourth Circuit has explained that "[a]lthough a plaintiff need not prove personal spite the alleged conduct must at least be aimed at damaging another's business." *Peterson v. Cooley*, 142 F.3d 181, 188 (4th Cir. 1998) (citations omitted).

Plaintiff has failed to plead facts alleging malicious conduct aimed specifically at MAR. The Complaint alleges that Defendants entered into exclusive agreements in order to charge supracompetitive commissions. Any harm to competitors would be shared equally by all competitors in the market. There is no allegation that Defendants' conduct was specifically targeted at MAR. *Gov't Employees*, 330 F. Supp. 2d at 706. Plaintiff attempts to distinguish *Government Employees* by arguing that the market in that case had thousands of competitors. This is a distinction without significance; the size of the market has no effect on a defendant's intentions. The critical question is whether Plaintiff acted with malicious intent toward some subset of the market, irrespective of market size. The Complaint does not contain allegations giving rise to a reasonable inference of legal malice directed at MAR or any other market participant. Therefore, Plaintiff's Virginia Business Conspiracy Claim must be dismissed.

- 8 -

## Conclusion

For the reasons stated above, Plaintiff MAR has failed to state a claim against Robert Ashton and has failed to state a claim under the Virginia Business Conspiracy Act. WRPP is only charged with violating the Virginia Business Conspiracy Act, and is therefore dismissed from the case. However, Plaintiff's state and federal antitrust claims against WPI survive Defendants' Motion to Dismiss. Accordingly, Defendants' Motions to Dismiss are hereby GRANTED in part and DENIED in part.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _Norma C. Mon_____

United States District Judge

_December 21, 2007_
Date

- 9 -